UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

FILED
U.S. DISTRICT COURT
MIDDLE DISTRICT OF TENN.

DEC 11 2019

/s/ Deputy Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | NO. 3:19-00306 |
| v. | ) | |
| | ) | 18 U.S.C. § 2 |
| | ) | 18 U.S.C. § 1028A |
| [1] KARELL FABRA | ) | 18 U.S.C. § 1029(a)(2) |
| [2] WILBER TORRES | ) | 18 U.S.C. § 1343 |
| [3] MAYKEL GORRITA | ) | 18 U.S.C. § 1349 |

# INDICTMENT

THE GRAND JURY CHARGES:

At all times relevant to this Indictment:

### Background

1. Defendant, **[1] KARELL FABRA**, was a 42-year-old citizen of Cuba, who first entered the United States in 2015.

2. Defendant, **[2] WILBER TORRES**, was a 33-year-old citizen of Cuba, who first entered the United States in 2014.

3. Defendant, **[3] MAYKEL GORRITA**, was a 39-year-old citizen of Cuba, who first entered the United States in 2007.

4. On February 22, 2018, in the Middle District of Tennessee, a search warrant was executed at the home of **[1] KARELL FABRA**, where law enforcement agents seized a laptop computer, four credit/debit card skimming devices, one electronic magnetic-strip encoder, multiple plastic stock credit/debit/gift cards, and a notebook containing multiple handwritten stolen credit/debit card numbers.

5. On February 22, 2018, in the Middle District of Tennessee, a second search warrant was executed at an apartment controlled by **[1] KARELL FABRA**, **[2] WILBER TORRES**, and

**[3] MAYKEL GORRITA**, where law enforcement agents seized a desk-top computer with files containing thousands of stolen credit/debit card numbers, three credit/debit card skimming devices, two electronic magnetic-strip encoders, two embossing presses, and multiple plastic stock credit/debit/gift cards.

Relevant Terms

6. The term "credit card skimming device" means and includes any electronic equipment used to obtain a person's credit or debit card information surreptitiously and without the person's knowledge or consent.

7. The term "electronic magnetic-strip encoder" means and includes any device that is used to load account and personal information onto a counterfeit or unauthorized access device.

8. The term "embossing press" means any device that is used to create raised letters and numbers on plastic stock credit/debit/gift cards.

9. The term "plastic stock credit/debit/gift card" means and includes any plastic card that contains an electronic magnetic strip capable of being encoded with account and personal information.

10. The term "access device" means and includes any card, plate, code, account number, or other means of account access that can be used, alone or in conjunction with another access device, to obtain money, goods, services, or any other thing of value, or that can be used to initiate a transfer of funds, such as a credit card, debit card, or gift card.

11. The term "counterfeit access device" means and includes any access device that is counterfeit, fictitious, altered, or forged.

12. The term "unauthorized access device" means and includes any access device that is stolen or obtained with the intent to defraud.

13. The term "traffic" means to transfer or otherwise dispose of to another, or to obtain control of with intent to transfer or dispose of, unauthorized access devices.

COUNT ONE

14. Paragraphs 1 through 13 are re-alleged and incorporated by reference as though fully set forth herein.

15. Beginning not later than on or about November 21, 2017, to on or about December 5, 2018, in the Middle District of Tennessee and elsewhere, **[1] KARELL FABRA**, **[2] WILBER TORRES**, and **[3] MAYKEL GORRITA** did knowingly and intentionally combine, conspire, and agree with each other and others unknown to the Grand Jury to commit offenses against the United States, that is, to devise a scheme to defraud and obtain money from individual credit and debit card holders and their banks by means of materially false and fraudulent pretenses, representations, and promises, using interstate wire communications in furtherance of the scheme to defraud, in violation of Title 18, United States Code, Section 1343.

Manner and Means

16. Defendants **[1] KARELL FABRA**, **[2] WILBER TORRES**, and **[3] MAYKEL GORRITA** carried out the conspiracy through the following manner and means, among others:

   a. By obtaining and possessing credit card skimming devices in the Middle District of Tennessee and elsewhere;

   b. By surreptitiously installing the credit card skimming devices at gas stations in the Middle District of Tennessee and elsewhere;

   c. By using credit card skimming devices to obtain, without authorization, individuals' bank account information and personal identification numbers ("PINs");

3

d. By electronically transferring individuals' bank account numbers and PINs onto plastic stock credit/debit/gift cards to create counterfeit access devices; and

e. By using those counterfeit access devices to purchase diesel fuel, which defendants **[1] KARELL FABRA**, **[2] WILBER TORRES**, and **[3] MAYKEL GORRITA** then sold to long-haul commercial carriers.

Acts in Furtherance of the Conspiracy

17. In furtherance of the conspiracy and to achieve its objectives, on or about November 23, 2017, in the Middle District of Tennessee, **[1] KARELL FABRA** used a counterfeit access device at a Thornton's gas station on Old Hickory Boulevard in Antioch, Tennessee, to purchase 49.066 gallons of diesel fuel at a cost of $132.43; and on or about December 4, 2018, in the Middle District of Tennessee, **[1] KARELL FABRA** used a counterfeit access device at a Thornton's gas station on Eagle View Boulevard in Antioch, Tennessee, to purchase 43.118 gallons of diesel fuel at a cost of $125.00.

18. In furtherance of the conspiracy and to achieve its objectives, on or about March 28, 2018, in the Middle District of Tennessee, **[2] WILBER TORRES** used a counterfeit access device at a MapCo. gas station on Bell Road in Nashville, Tennessee, to purchase 34.357 gallons of diesel fuel at a cost of $99.60; and on or about December 4, 2018, in the Middle District of Tennessee, **[2] WILBER TORRES** used a counterfeit access device at a MapCo. gas station on Old Hickory Boulevard in Nashville, Tennessee, to purchase 38.093 gallons of diesel fuel at a cost of $108.91.

19. In furtherance of the conspiracy and to achieve its objectives, on or about March 14, 2018, in the Middle District of Tennessee, **[3] MAYKEL GORRITA** used a counterfeit access

device at Thornton's gas station on Medical Center Parkway in Murfreesboro, Tennessee, to purchase 46.834 gallons of diesel fuel at a cost of $125.00.

All in violation of Title 18, United States Code, Section 1349.

## COUNT TWO

THE GRAND JURY FURTHER CHARGES:

20. Paragraphs 1 through 13, and 15 through 19 are re-alleged and incorporated by reference as though fully set forth herein.

21. On or about November 18, 2018, in the Middle District of Tennessee and elsewhere, **[1] KARELL FABRA**, aided and abetted by others known and unknown to the Grand Jury, did knowingly and without lawful authority use a means of identification of another person, that is, an individual known to the Grand Jury as "TH," for the purpose of committing wire fraud, as charged in Count Five.

In violation of Title 18, United States Code, Sections 1028A and 2.

## COUNT THREE

THE GRAND JURY FURTHER CHARGES:

22. Paragraphs 1 through 13, and 15 through 19 are re-alleged and incorporated by reference as though fully set forth herein.

23. On or about March 28, 2018, in the Middle District of Tennessee and elsewhere, **[2] WILBER TORRES**, aided and abetted by others known and unknown to the Grand Jury, did knowingly and without lawful authority use a means of identification of another person, that is, an individual known to the Grand Jury as "MN," for the purpose of committing wire fraud, as charged in Count Six.

In violation of Title 18, United States Code, Sections 1028A and 2.

## COUNT FOUR

THE GRAND JURY FURTHER CHARGES:

24. Paragraphs 1 through 13, and 15 through 19 are re-alleged and incorporated by reference as though fully set forth herein.

25. On or about March 14, 2018, in the Middle District of Tennessee and elsewhere, **[3] MAYKEL GORRITA**, aided and abetted by others known and unknown to the Grand Jury, did knowingly and without lawful authority use a means of identification of another person, that is, an individual known to the Grand Jury as "MC," for the purpose of committing wire fraud, as charged in Count Seven.

In violation of Title 18, United States Code, Sections 1028A and 2.

## COUNT FIVE

THE GRAND JURY FURTHER CHARGES:

26. Paragraphs 1 through 13, and 15 through 19 are re-alleged and incorporated by reference as though fully set forth herein.

27. On or about November 18, 2018, in the Middle District of Tennessee and elsewhere, **[1] KARELL FABRA**, aided and abetted by others known and unknown to the Grand Jury, for the purpose of executing a scheme to defraud affecting a financial institution, did knowingly cause to be transmitted by means of wire communications in interstate commerce, writings, signs, signals, pictures, and sounds, namely: use of a counterfeit access device to purchase diesel fuel at a gas station in Nashville, Tennessee.

All in violation of Title 18, United States Code, Sections 1343 and 2.

COUNT SIX

THE GRAND JURY FURTHER CHARGES:

28. Paragraphs 1 through 13, and 15 through 19 are re-alleged and incorporated by reference as though fully set forth herein.

29. On or about March 28, 2018, in the Middle District of Tennessee and elsewhere, **[2] WILBER TORRES**, aided and abetted by others known and unknown to the Grand Jury, for the purpose of executing a scheme to defraud affecting a financial institution, did knowingly cause to be transmitted by means of wire communications in interstate commerce, writings, signs, signals, pictures, and sounds, namely: use of a counterfeit access device to purchase diesel fuel at a gas station in Nashville, Tennessee.

All in violation of Title 18, United States Code, Sections 1343 and 2.

COUNT SEVEN

THE GRAND JURY FURTHER CHARGES:

30. Paragraphs 1 through 13, and 15 through 19 are re-alleged and incorporated by reference as though fully set forth herein.

31. On or about March 14, 2018, in the Middle District of Tennessee and elsewhere, **[3] MAYKEL GORRITA**, aided and abetted by others known and unknown to the Grand Jury, for the purpose of executing a scheme to defraud affecting a financial institution, did knowingly cause to be transmitted by means of wire communications in interstate commerce, writings, signs, signals, pictures, and sounds, namely: use of a counterfeit access device to purchase diesel fuel at a gas station in Nashville, Tennessee.

All in violation of Title 18, United States Code, Sections 1343 and 2.

## COUNT EIGHT

THE GRAND JURY FURTHER CHARGES:

32. Paragraphs 1 through 13, and 15 through 19 are re-alleged and incorporated by reference as though fully set forth herein.

33. Between on or about November 21, 2017, and on or about November 21, 2018, in the Middle District of Tennessee and elsewhere, **[1] KARELL FABRA**, aided and abetted by others known and unknown to the Grand Jury, in or affecting interstate and foreign commerce, knowingly and with the intent to defraud, trafficked in and used one or more unauthorized access devices and, by such conduct, obtained anything of value aggregating $1,000 or more during that period.

In violation of Title 18, United States Code, Sections 1029(a)(2) and 2.

## COUNT NINE

THE GRAND JURY FURTHER CHARGES:

34. Paragraphs 1 through 13, and 15 through 19 are re-alleged and incorporated by reference as though fully set forth herein.

35. Between on or about January 1, 2018, and on or about January 1, 2019, in the Middle District of Tennessee and elsewhere, **[2] WILBER TORRES**, aided and abetted by others known and unknown to the Grand Jury, in or affecting interstate and foreign commerce, knowingly and with the intent to defraud, trafficked in and used one or more unauthorized access devices and, by such conduct, obtained anything of value aggregating $1,000 or more during that period.

In violation of Title 18, United States Code, Sections 1029(a)(2) and 2.

## COUNT TEN

THE GRAND JURY FURTHER CHARGES:

36. Paragraphs 1 through 13, and 15 through 19 are re-alleged and incorporated by reference as though fully set forth herein.

37. Between on or about January 1, 2018, and on or about January 1, 2019, in the Middle District of Tennessee and elsewhere, **[3] MAYKEL GORRITA**, aided and abetted by others known and unknown to the Grand Jury, in or affecting interstate and foreign commerce, knowingly and with the intent to defraud, trafficked in and used one or more unauthorized access devices and, by such conduct, obtained anything of value aggregating $1,000 or more during that period.

In violation of Title 18, United States Code, Sections 1029(a)(2) and 2.

## FORFEITURE ALLEGATIONS

THE GRAND JURY FURTHER CHARGES:

38. The allegations contained in Count One of this Indictment are re-alleged and incorporated by reference as if fully set forth in support of these forfeiture allegations.

39. Upon conviction of the allegation in any of Counts One (conspiracy to commit wire fraud), Counts Two through Four (aggravated identity theft) of the Indictment, **[1] KARELL FABRA, [2] WILBER TORRES**, and **[3] MAYKEL GORRITA** shall forfeit to the United States, pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure and Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461, any property, real or personal, which constitutes or is derived from proceeds traceable to said violation(s), including but not limited to a money judgement, in an amount to be determined, representing the

amount of any property, real or personal, which constitutes or is derived from proceeds traceable to said violation(s).

40. Upon conviction of any of the allegations contained in Counts Eight through Ten (access device fraud) of this Indictment, **[1] KARELL FABRA, [2] WILBER TORRES**, and **[3] MAYKEL GORRITA**, respectively, shall forfeit to the United States of America pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure and Title 18, United States Code, Sections 982(a)(2)(B) and 1029(c)(1)(C):

> a. any property constituting, or derived from, any proceeds the person obtained, directly or indirectly, as the result of such violation(s); and
>
> b. any personal property used, or intended to be used, to commit the violation(s)

including but not limited to a money judgment(s) in an amount equal to the property constituting or derived from, proceeds the person obtained, directly or indirectly, as a result of such violation(s) between November 1, 2017, and December 5, 2018, and the value of the person's property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of such violation(s).

## SUBSTITUTE ASSETS

41. If any of the property described above, as a result of any act or omission of **[1] KARELL FABRA, [2] WILBER TORRES**, and **[3] MAYKEL GORRITA**:

> (a) cannot be located upon the exercise of due diligence;
>
> (b) has been transferred or sold to, or deposited with, a third party;
>
> (c) has been placed beyond the jurisdiction of the court;
>
> (d) has been substantially diminished in value; or
>
> (e) has been commingled with other property which cannot be divided without difficulty.

The United States shall be entitled to forfeiture of substitute property and it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of **[1] KARELL FABRA**, **[2] WILBER TORRES**, and **[3] MAYKEL GORRITA** up to the value of said property listed above as subject to forfeiture.

DONALD Q. COCHRAN
UNITED STATES ATTORNEY

MILLER A. BUSHONG
ASSISTANT UNITED STATES ATTORNEY

11